UNITED STATES of America, Plaintiff–Appellee,

v.

Terry L. KRZEMINSKI, Defendant–Appellant.

No. 95–2469.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1995.

Decided April 12, 1996.

Tina L. Nommay, Robert N. Trgovich (argued), Office of the U.S. Atty., Fort Wayne, IN, for Plaintiff-Appellee.

Quinton Ellis (argued), Wagoner, Ellis & Kiefer, Fort Wayne, IN, for Defendant-Appellant.

Before MANION, ROVNER, and EVANS, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Terry L. Krzeminski argues that the district court misapplied Sentencing Guidelines § 2K2.1(a) in calculating the base offense level for his firearm conviction under 18 U.S.C. § 922(g)(1). The district court utilized a base offense level of 24 because Krzeminski had at the time of the firearm offense "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Conceding that these convictions are part of his criminal history, Krzeminski argues that only one of the two should be counted in setting his base offense level. Rather than an offense level of 24, then, Krzeminski contends that the level applicable to his case would be 20. See U.S.S.G. § 2K2.1(a)(4). We conclude, however, that both convictions were properly considered by the district court in setting Krzeminski's base offense level. We therefore affirm his fifty-seven month sentence.

I.

Krzeminski's latest legal problems arose when he was arrested on November 25, 1993, and charged with public intoxication. He had been found by two Steuben County Deputy Sheriffs in the passenger seat of a pickup truck with a Mossberg .22 magnum rifle lying across his lap. The rifle's presence prompted a federal indictment under 18 U.S.C. § 922(g)(1) because Krzeminski had at least one prior conviction for a crime "punishable by imprisonment for a term exceeding one year." In fact, Krzeminski had committed three such felonies in Monroe County, Michigan on March 27 & 28, 1985, and he had been sentenced for those offenses on February 5, 1986, in a consolidated pro-

ceeding. Two of the three convictions—for armed robbery and possession of a firearm during the commission of a felony—addressed his participation in the March 27 robbery of Sam's Cash and Carry in LaSalle, Michigan. Krzeminski and another individual entered the store with a sawed-off shotgun at approximately 9:00 p.m. They took almost $2,000.00 in cash, several lottery tickets, food stamps, a number of checks, and a case of beer. The remaining conviction was for felonious assault. At approximately 3:45 a.m. on the morning after the robbery, Krzeminski and an accomplice went to the apartment of James Farris and beat him with a metal belt and a two-by-four, apparently because Farris owed Krzeminski $80.00. Krzeminski pled guilty to the three offenses, and a Michigan court sentenced him to a prison term of between five and fifteen years on the armed robbery conviction, a consecutive two-year term on the conviction for possessing a firearm during the armed robbery, and a concurrent term of two and one-half to four years on the felonious assault conviction. The district court below relied on Krzeminski's prior convictions for armed robbery and felonious assault in setting his base offense level at 24 under section 2K2.1(a)(2).

## II.

The base offense level for a section 922(g)(1) offense is set by Sentencing Guidelines § 2K2.1(a). That section provides for a base offense level of 24 "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense," and a base offense level of 20 if the defendant had but one such conviction. U.S.S.G. § 2K2.1(a)(2) & (a)(4)(A).[1] Note 5 of the commentary explains which prior felony convictions are to be counted under section 2K2.1(a):

> "Crime of violence," "controlled substance offense," and "prior felony conviction(s)," are defined in § 4B1.2 (Definitions of Terms Used in Section 4B1.1), subsections

(1) and (2), and Application Note 3 of the Commentary, respectively. For purposes of determining the number of such convictions under subsections (a)(1), (a)(2), (a)(3), and (a)(4)(A), count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category).

U.S.S.G. § 2K2.1, comment. (n.5). Krzeminski concedes that each of his three prior felonies was properly characterized as a "crime of violence" under section 4B1.2(1), so we move to the second sentence of the application note, which directs us to count any qualifying conviction that receives any criminal history points under section 4A1.1.

Under subsection (a) of the criminal history guideline, three points are added for each prior prison sentence exceeding one year and one month. U.S.S.G. § 4A1.1(a). If there are multiple sentences that meet this requirement, however, and those sentences were imposed in related cases, the multiple sentences are treated as a single sentence in applying section 4A1.1(a). See U.S.S.G. §§ 4A1.1 comment. (n.1) & 4A1.2(2). Prior sentences are considered to be related "if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing," unless the offenses were separated by an intervening arrest. U.S.S.G. § 4A1.2 comment. (n.3). Thus, if a defendant has three prior sentences exceeding one year and one month but the sentences were entered in related cases, only one of the three is considered under section 4A1.1(a).

Yet that does not mean that the other two sentences are necessarily ignored under the criminal history guideline. If the related sentences result from crimes of violence that were not committed on the same occasion, then each sentence not counted under subsection (a) would be assessed one point under subsection (f), up to a maximum of three additional points. See U.S.S.G. § 4A1.1(f) & comment. (n.6);[2] see also United States v.

---

1. If the underlying offense involved a firearm listed in 26 U.S.C. § 5845(a), the base offense level in either case would be two points higher. U.S.S.G. § 2K2.1(a)(1) & (a)(3). The government concedes, however, that the Mossberg rifle

possessed by Krzeminski on November 25, 1993, is not one of the firearms listed in 26 U.S.C. § 5845(a).

2. Section 4A1.1(f) provides:

*Harris,* 44 F.3d 1206, 1213 n. 3 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1806, 131 L.Ed.2d 731 (1995); *United States v. Woods,* 976 F.2d 1096, 1102 (7th Cir.1992); U.S.S.G. § 4A1.2 comment. (n.3) ("Where prior related sentences result from convictions of crimes of violence, § 4A1.1(f) will apply."). If a point is assessed for a prior sentence under subsection (f), then the conviction underlying that sentence is counted in determining the number of prior felony convictions that will be attributed to the defendant under section 2K2.1(a). U.S.S.G. § 2K2.1 comment. (n.5) (any prior conviction receiving any points under section 4A1.1 is counted).

In determining that Krzeminski had at least two prior felony convictions for crimes of violence, the district court correctly applied the Guidelines. Each sentence imposed on Krzeminski by the Michigan court on February 5, 1986, exceeded one year and one month, meaning that subsection (a) of section 4A1.1 is utilized in assessing criminal history points to those sentences. Because the three underlying offenses were consolidated for trial and sentencing, however, the cases are treated as related. *See* U.S.S.G. § 4A1.2 comment. (n.3). Thus, the three sentences are considered as but a single sentence in assessing points under section 4A1.1(a), and all three points assessed under that section are attributed to the armed robbery conviction. *See* U.S.S.G. § 4A1.2(2) & comment. (n.3). Yet because the two remaining sentences also were imposed for crimes of violence, they may be considered under section 4A1.1(f), but only if the related offenses were not committed on the same occasion. U.S.S.G. § 4A1.1(f) & comment. (n.6). Krzeminski's firearm offense is not assessed a point under subsection (f) because

it was committed on the same occasion as the armed robbery offense. The felonious assault, by contrast, was clearly committed on a different occasion. *Cf. United States v. Hudspeth,* 42 F.3d 1015, 1021–22 (7th Cir. 1994) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995). The sentence resulting from that conviction is therefore assessed one point under subsection (f). Because Krzeminski's convictions for armed robbery and felonious assault each received points under section 4A1.1, both convictions must be considered in setting Krzeminski's base offense level under section 2K2.1(a). U.S.S.G. § 2K2.1 comment. (n.5). With two prior felony convictions for crimes of violence, Krzeminski's base offense level is 24. U.S.S.G. § 2K2.1(a)(2).

Krzeminski offers a single objection to the path through the Guidelines we have charted. He argues that because the sentences imposed for his armed robbery and felonious assault convictions are treated as related for purposes of section 4A1.1(a), those two convictions should not then be considered separately in setting his base offense level under section 2K2.1(a). Krzeminski cites in support of this argument section 4B1.2(3), which defines the term "two prior felony convictions" for purposes of section 4B1.1 (the career offender provision).[3] Under that definition, Krzeminski's felonious assault conviction would not be considered because it was not counted separately under section 4A1.1(a). *See* U.S.S.G. § 4B1.2(3). But the commentary to section 2K2.1 refers only to subsections (1) and (2) of section 4B1.2, and to note 3 of the commentary; it does not reference subsection (3). U.S.S.G. § 2K2.1 comment. (n.5). Subsection (3), moreover, is inconsistent with the second sentence of that

Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. *Provided,* that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

**3.** Section 4B1.2(3) provides as follows:

The term "two prior felony convictions" means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.,* two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)....

commentary, which requires consideration of any prior conviction receiving any points under the criminal history guideline, even if that conviction was not separately considered under section 4A1.1(a). Krzeminski's conviction for felonious assault was properly assessed a point under section 4A1.1(f), and the commentary to section 2K2.1 therefore requires that it be counted in setting Krzeminski's base offense level. *See* U.S.S.G. § 2K2.1 comment. (n.5). Because Krzeminski does not suggest that Application Note 5 "violates the Constitution or any federal statute, or that the note is inconsistent with, or a plainly erroneous reading of," section 2K2.1, that note is authoritative and binds us here. *See Stinson v. United States*, 508 U.S. 36, 37–39, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

Krzeminski's sentence is AFFIRMED.