**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4733

TERRY GODFREY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-96-73)

Submitted: March 4, 1997

Decided: March 28, 1997

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Philip J. Combs,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terry Godfrey appeals from the sentence imposed by the district court after he pled guilty to possession of stolen firearms in violation of 18 U.S.C.A § 922(j)(1) (West Supp. 1996). We affirm.

Godfrey asserts that the district court erred in determining his base offense level under United States Sentencing Commission, Guidelines Manual, § 2K2.1(a)(2) (Nov. 1995), which provides for a base offense level of twenty-four "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." An interpretation of a guideline is reviewed de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Under USSG § 2K2.1(a)(2), the court is instructed to count "any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)." USSG § 2K2.1, comment. (n.5). Prior to this offense, Godfrey was convicted of two counts of aggravated robbery. Because these counts were considered to be related under USSG§ 4A1.2(2), only one of the sentences could be counted under USSG§ 4A1.1(a). However, the second aggravated robbery sentence was correctly counted under USSG § 4A1.1(f). Thus, the district court properly attributed to Godfrey two prior felony convictions under USSG§§ 2K1.2 (a)(2), 4A1.1 (a) & (f).* Accordingly, we affirm Godfrey's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*Godfrey's reliance on the definitions in USSG § 4B1.2(3) is misplaced. That section, pertaining to career offenders, is not applicable to a sentence imposed in accordance with USSG § 2K2.1(a). See United States v. Krzeminski, 81 F.3d 681, 682-84 (7th Cir. 1996).

2