NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012
Decided October 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-3779

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-82-WMC-01 |
| LARRY BUCKLEY, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Larry Buckley pleaded guilty to distributing heroin, 21 U.S.C. § 841(a)(1). Because of his prior felony convictions in Wisconsin for victim intimidation and aggravated battery, *see* Wis. Stat. § 940.44, .45(1), .19(6) (1995), the district court sentenced him as a career offender, *see* U.S.S.G. § 4B1.1(a). The court calculated a guidelines imprisonment range of 151 to 188 months based on a total offense level of 29 and a criminal-history category of VI, and sentenced Buckley to 168 months.

Buckley filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Buckley has not responded to his lawyer's submission, *see* Cɪʀ. R. 51(b), although he did inform counsel that he wishes to challenge his guilty plea, *see United States v. Konczak*, 683

F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We limit our review to the potential issues identified in counsel's facially adequate brief. *United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011).

Counsel asserts that it would be frivolous for Buckley to contest his guilty plea because, according to counsel, the district judge substantially complied with Federal Rule of Criminal Procedure 11 during the plea colloquy. We agree. Counsel observes that the court neglected to mention Buckley's right to confront adverse witnesses at a trial, and also that the government could use his statements made under oath during the colloquy in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(E), (b)(1)(A). But counsel rightly concludes that these minor omissions were harmless. *See* FED. R. CRIM. P. 11(h). The district court did inform Buckley of his right to cross-examine witnesses, which presumes the right to confront those witnesses. *See, e.g.*, *United States v. Walker*, 673 F.3d 649, 656 (7th Cir. 2012) ("[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity for cross-examination."). And in any event, Buckley signed a plea agreement informing him of the right of confrontation, so he needed no further reminder. *See United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004) (ruling that failure to give required Rule 11 admonishment when plea agreement includes same information was not plain error); *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001) (remarking that same failure would be harmless). As for the omitted warning about perjury, that misstep is inconsequential because no prosecution for perjury is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Counsel next addresses Buckley's concern that his conviction for victim intimidation should not have counted as a crime of violence for purposes of the career-offender guideline. Because he did not voice this argument at sentencing, we would review the court's application of the guidelines for plain error. *United States v. Garret*, 528 F.3d 525, 527 (7th Cir. 2008). A crime of violence includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a), and Wisconsin makes it a felony to use "force or violence or attempted force or violence upon the victim" of a crime to dissuade her from seeking legal redress, Wis. Stat. § 940.44, .45(1) (1995). We have noted, in analyzing a similar offense under Illinois law, that if the "crime occurs whenever one threatens the use of physical force in order to coerce another, it would seem to qualify easily" as a violent felony, which is the statutory counterpart to a "crime of violence" under the guidelines. *Lowe v. United States*, 923 F.2d 528, 530–31 (7th Cir. 1991); *see* 18 U.S.C. § 924(e)(2)(B)(i); *United States v. Spells*, 537 F.3d 754, (7th Cir. 2008) (explaining that "a prior offense's characterization as a 'violent felony' under the Armed Career Criminal Act is 'interchangeable' with the 'crime of violence' designation under the career offender guideline"). The Wisconsin statute, on its face, requires for conviction that force be directed against another person, and thus it would be frivolous for

Buckley to contend that the district court committed plain error in counting this conviction as a qualifying crime for purposes of the career-offender guideline.

Further, the 1995 conviction is not stale. A crime of violence counts in applying the career-offender guideline only if the conviction incurs criminal-history points, U.S.S.G. § 4B1.2 cmt. n.3; *United States v. Krzemisnki*, 81 F.3d 681, 682 (7th Cir. 1996), and Buckley's conviction for victim intimidation would have been too old if not for the fact that he violated the conditions of his original probated sentence. *See* U.S.S.G. § 4A1.2(e); *United States v. Zuniga-Lazaro*, 388 F.3d 308, 316 (7th Cir. 2004) (explaining that probated sentence does not incur criminal-history points if imposed more than ten years before commencement of offense of conviction). Yet any prison sentence longer than thirteen months does incur criminal-history points if that sentence was imposed, or the defendant was still incarcerated, within fifteen years of the commencement of the offense of conviction. U.S.S.G. § 4A1.2(e)(1). Thus, because of the revocation, fewer than fifteen years had elapsed between his imprisonment on a sentence exceeding thirteen months and his commission of the present drug crime in September 2010. For that reason it would be frivolous to claim that the conviction is too old. *See* U.S.S.G. § 4A1.2(k); *United States v. Moreno-Padilla*, 602 F.3d 802, 807–08 (7th Cir. 2010); *United States v. Dewey*, 599 F.3d 1010, 1015 (9th Cir. 2010).

Last, counsel considers whether Buckley could challenge his prison sentence as unreasonably high. A sentence within a properly calculated guidelines range is presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009). Counsel has not identified any ground to rebut this presumption, nor can we. The district court evaluated the factors listed in 18 U.S.C. § 3553(a) and took into account arguments in mitigation, including Buckley's unstable home environment during his childhood, his addiction to marijuana, and his need for further education to improve his employment prospects. But the court reasonably concluded that his lengthy criminal record still merited a term within the guidelines range.

We GRANT counsel's motion to withdraw and DISMISS the appeal.