**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rogelio Gomez TORRES,
Defendant–Appellant.**

**No. 91–1028.**

United States Court of Appeals,
Tenth Circuit.

March 18, 1992.

Michael G. Katz, Federal Public Defender, and Mark J. Rosenblum, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Michael J. Norton, U.S. Atty., D. Colorado; Wayne Campbell, and John M. Hutchins, Asst. U.S. Attys., Denver, Colo., for plaintiff-appellee.

Before McKAY, Chief Judge, and BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Rogelio Gomez Torres and Florentino Soria were jointly charged in a two-count indictment as follows: (1) in count one the two were charged with unlawfully conspiring on or about July 31, 1990, to distribute cocaine in violation of 21 U.S.C. § 846; and (2) in count two they were charged with unlawfully distributing cocaine on or about July 31, 1990, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court granted Soria's motion for a severance and accordingly Torres was tried separately. The jury convicted Torres on both counts and he was sentenced to imprisonment for 120 months and supervised release thereafter for eight years. Torres appeals his conviction.[1] We affirm.

As indicated, count one set forth a conspiracy occurring "on or about July 31, 1990" and count two set forth an unlawful distribution of cocaine occurring "on or around July 31, 1990." Prior to trial, Torres filed a Motion to Exclude Other Crimes Evidence under Fed.R.Evid. 404(b), seeking thereby to exclude, at trial, any evidence of other crimes committed by him except for those allegedly occurring on July 31, 1990. Specifically, Torres sought to exclude testimony of a government informant (Baca) that: (1) on July 17, 1990, Torres sold three ounces of cocaine to Baca; (2) on July 20, 1990, Torres sold Baca one and one-fourth kilograms of cocaine; (3) on July 24, 1990, Baca overheard a conversation between Torres and Soria in which the latter two discussed the impending arrival of "a load"; (4) on July 26, 1990, Torres told Baca that he was expecting a load of marijuana on the following day and a load of cocaine in two or three days; (5) on July 27, 1990, Baca met with Torres and observed approximately 13½ pounds of marijuana being unloaded from a vehicle at the premises of Westland Auto Body, a body and fender repair shop operated by

---

1. Soria was also convicted by a jury on both counts of the indictment. Soria appealed his conviction and sentence, which judgment we have affirmed contemporaneously with the filing of this opinion. *See United States v. Soria,* 959 F.2d 855 (10th Cir.1992).

Soria and Torres; and (6) on July 27, 1990, Torres offered to sell Baca three kilograms of cocaine. Upon hearing, the district court granted, in part, Torres' Motion to Exclude, allowing the government to only introduce evidence of events occurring on July 17, 1990, and July 31, 1990. The record does not disclose just why the district court foreclosed the prosecution from introducing evidence concerning events occurring between those two dates, which evidence, *inter alia*, conceivably had materiality, and relevancy, to the conspiracy charge, at least.

■ Be that as it may, at trial a government witness was the informant, Richard Baca. On direct examination, the prosecutor asked Baca how he became acquainted with Torres, to which query Baca stated that he knew Torres "on the streets ... as a dealer." Counsel immediately moved for a mistrial which motion was denied, though the jury was instructed to disregard the answer given by Baca.

After the motion for a mistrial was denied, the prosecutor resumed his questioning of Baca, in which Baca, in response to questions, testified that he had given a DEA agent names of individuals from whom he believed he could buy cocaine, and after his conversation with the DEA agent, he (Baca) then contacted Rogelio Torres. Counsel did not make any immediate objections to that response, but at the next recess renewed his motion for a mistrial, which motion was again denied.

On appeal, Torres asserts that the district court erred in denying his motions for mistrial. Counsel argues that Baca's statement, volunteer or not, that he knew Torres "on the street ... as a dealer" tended to show that Torres was guilty of crimes other than the ones charged in the indictment and also was in violation of the district court's order that the prosecutor could only introduce evidence of events occurring on July 17 and 31, 1991. In denying the first motion for mistrial the district court obviously was of the view that the testimony objected to was not an intentional violation of his earlier order. And in any event, the district court sustained the ob-

jection, struck from the record Baca's characterization of Torres and instructed the jury to disregard the same. However, the district court did not feel that the problem necessitated the drastic action of declaring a mistrial. We agree. We find no abuse of discretion. In support of our holding, *see United States v. Lonedog,* 929 F.2d 568 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991), and *United States v. Preveto,* 881 F.2d 844, 858–59 (10th Cir.1989), *cert. denied,* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).

■ As indicated, after the first motion for a mistrial, the prosecutor then continued his questioning of Baca, and Baca, in response to questions, stated that he had given the DEA agent names of persons whom he believed were dealing in drugs, without naming names, and then he later described going to Westland Auto Body Shop and, *inter alia,* negotiating two sales of cocaine with Torres, the first sale occurring on July 17, 1990, and the second on July 31, 1990. Counsel claims the sequence of Baca's responses permits the inference that Baca gave Torres' name to the DEA agent as being one suspected of dealing in drugs. Such is somewhat theoretical and speculative. In any event, this particular testimony did not, in our view, require a mistrial.

In a different fact setting, we have held that a defendant in a criminal proceeding is not entitled on appeal to a reversal where there is the "slightest possibility of harm," and that the true test is "whether ... [the defendant's] right to a fair and impartial trial was impaired." *United States v. Pinelli,* 890 F.2d 1461, 1473 (10th Cir.1989), *cert. denied,* 494 U.S. 1038, 110 S.Ct. 1498, 108 L.Ed.2d 632 (1990). Our study of the trial transcript indicates to us that Torres' right to a fair and impartial trial was not impaired by these isolated responses of informant Baca, which the jury was instructed to disregard. Baca's purchase of cocaine on July 17, 1990, from Torres, and his subsequent purchase of cocaine from Torres and Soria on July 31, 1990, were "monitored" by DEA agents and local po-

lice, who corroborated Baca's testimony on all essential details.

As indicated, Torres' appeal to this court was submitted on the briefs at the request of Torres' counsel and the United States Attorney. Soria's appeal, however, was orally argued to the same panel to which Torres' appeal was submitted. Subsequently, counsel for Torres filed a motion that he be allowed to adopt on appeal Soria's argument that the district court erred in denying their joint motion to suppress the use at trial of items seized by the authorities in their search of Westland Auto Body Shop, which included, *inter alia*, 413 grams of cocaine in 14 baggies, a Nexus triple beam scale, and approximately $4,980 in U.S. currency. By prior order of court we granted that motion, the United States Attorney not objecting thereto. However, such is of no assistance to Torres, since, in affirming Soria's conviction and sentence, we have now held that the district court committed no error in denying the joint motion to suppress.

Judgment affirmed.

McKAY, Chief Judge, concurring:

I concur in the court's judgment in this case and in all of the court's opinion except insofar as it relates to the protective sweep. See my special concurring opinion in *United States v. Soria*, 959 F.2d 855 (10th Cir.1992).