**UNITED STATES of America,**
**Plaintiff/Appellee/Cross–**
**Appellant,**

v.

**Tommy Blake McCARY,**
**Defendant/Appellant/**
**Cross–Appellee.**

**Nos. 93–7006, 93–7016.**

United States Court of Appeals,
Tenth Circuit.

Feb. 2, 1994.

District Court for the Eastern District of Oklahoma, Tommy Blake McCary was charged with unlawfully possessing a firearm which had been transported in interstate commerce while a fugitive from justice, in violation of 18 U.S.C. § 922(g)(2). In the second count, McCary was charged with unlawfully possessing a motor vehicle which had moved in interstate commerce, knowing that the vehicle had been stolen, in violation of 18 U.S.C. § 2313.

On November 23, 1992, a jury convicted McCary on both counts. McCary was thereafter sentenced on January 11, 1993 to imprisonment for 46 months on each count, such terms to be served concurrently with each other and both to be served concurrently with a 211–month sentence previously imposed in an unrelated federal prosecution in the United States District Court for the Northern District of Texas.

McCary appeals his convictions and the sentences imposed thereon. The United States cross-appeals that part of the judgment and sentence which ordered that the sentences imposed in the United States District Court for the Eastern District of Oklahoma be served concurrently with the 211–month sentence previously imposed in the United States District Court for the Northern District of Texas.

On January 31, 1992, McCary pleaded guilty in the United States District Court for the Northern District of Texas to a charge of unlawful possession of methamphetamine with an intent to distribute. On the date McCary entered his guilty plea he was in custody in Texas. However, prior thereto he had been released from custody and placed on bond by a United States Magistrate on October 9, 1991. In connection with his release on bond, the Magistrate advised McCary that if he committed a crime while on bond he would be subject to an additional penalty to the one he might receive on the methamphetamine charge.[1] On November

David T. Shelledy, Department of Justice, Washington, D.C. (John Raley, United States Attorney, Eastern District of Oklahoma, and Dennis A. Fries, Assistant U.S. Attorney, Muskogee, Oklahoma, with him on the brief), for Plaintiff/Appellee/Cross Appellant.

R. Jay Cook, Muskogee, Oklahoma, Attorney for Defendant/Appellant/Cross-Appellee.

Before KELLY, Circuit Judge, GODBOLD *, Senior Circuit Judge, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

In the first count of a two-count indictment filed on August 14, 1992, in the United States

---

* The Honorable John S. Godbold, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

1. Specifically, when McCary was released on bond in the Texas proceeding, the United States Magistrate admonished McCary, *inter alia,* as follows:

> I also want you to understand that if you commit a criminal offense while you're at large on this bond, the mere fact that you were out on a federal bond when that offense was

15, 1991, McCary failed to appear for his arraignment in the methamphetamine charge and a bench warrant was issued for his arrest. On November 19, 1991, McCary was arrested in Oklahoma and he was returned to Texas where he was held without bond pending trial.

After pleading guilty to the methamphetamine charge, defense counsel asked that McCary be released on bond pending sentencing. That request was granted, the United States Attorney having no objection thereto, and in connection therewith the district court then went on to state as follows: "[T]he record will reflect that I reinstate that bond and reinstate the defendant to bail on that basis."

In April, 1992, McCary failed to report to the official responsible for supervising his release and who was conducting a presentence investigation. Accordingly, the United States District Court for the Northern District of Texas issued a warrant for his arrest.

On July 11, 1992, McCary was arrested in Durant, Oklahoma.[2] At the time of the arrest, he was hiding in a bedroom closet in his girl friend's apartment. After McCary was removed from the closet and handcuffed, officers found a .9 MM semiautomatic pistol laying between impressions left by McCary's feet on clothes laying on the closet floor. The gun was loaded, with a bullet in the chamber. Another bullet of the same caliber was found in McCary's pants and a bullet proof vest was found in McCary's duffel. McCary's girl friend also pointed out a Ford Thunderbird parked in the parking lot, which she stated McCary had been driving. The car had been stolen the previous December in Texas.

On appeal, McCary asserts that his convictions on both counts must be reversed because a prosecution witness testified that among other things found on McCary at the time of his arrest in Durant, Oklahoma, were "syringes." McCary also contends that the district court erred in determining McCary's base offense level for the present offenses by factoring in McCary's conviction on the methamphetamine charge in the United States District Court for the Northern District of Texas. In this regard, McCary's argument is that since at the time of his arrest in Durant, Oklahoma, he had not yet been "sentenced" in Texas, he had not, within the meaning of the Sentencing Guidelines, been "convicted."

By cross-appeal, the United States contends that the district court erred in ordering the sentences imposed in the present proceeding be served concurrently with the 211–month sentence imposed in the federal court in Texas. In support of its position, the United States argues that under 18 U.S.C. § 3147 one who commits an offense while on bond in connection with a prior federal criminal proceeding "shall be sentenced, in addition to the sentence prescribed for the offense, to a term of imprisonment of not less than two years and not more than ten years if the offense is a felony ... and a term of imprisonment imposed pursuant to this section· shall be consecutive to any other sentence of imprisonment." We shall consider these matters *seriatim.*

*Syringes*

◾ In addition to the items already mentioned as having been found on McCary's person at the time of his arrest, the arresting officers also found two syringes. Prior to trial, defense counsel and the United States

committed would subject you to additional penalties. Specifically, if you commit a misdemeanor grade offense while you're at large on this bond and are found guilty of that misdemeanor, in addition to any other term of imprisonment provided by law, you would be subject to an additional term, that is a consecutive term of not less than 90 days or more than one year. If you commit a felony grade offense while you're at large on this bond and are found guilty of that felony, in addition to any other term of imprisonment provided by law, you would be subject to an additional

term that is a consecutive term of not less than two years nor more than ten years.

2. After his arrest in Oklahoma, McCary was returned to Texas where on September 11, 1992, he was sentenced by the United States District Court for the Northern District of Texas to imprisonment for 211 months on the methamphetamine charge. He was then returned to the custody of the United States District Court for the Eastern District of Oklahoma.

Attorney agreed that the latter would not offer into evidence the syringes taken from McCary at the time of his arrest, and that he would caution his witnesses not to mention the syringes when testifying. At trial, the officer who apparently made the actual search of McCary's person did not mention the syringes. However, a subsequent witness who had participated in the search, in response to the question, "What else did you recover?", propounded to him by the United States Attorney, testified that they also found a "clip, . . . syringes and one .9 MM bullet."

Defense counsel immediately moved for a mistrial, claiming a violation of his agreement with the United States Attorney that government witnesses would not mention the fact that syringes had been taken from McCary at the time of his arrest, and asserting that such prejudiced McCary's defense by injecting "drugs" into a "firearms" case. The district judge initially indicated that he would order a mistrial, but then changed his mind and denied the motion. Defense counsel declined the district judge's offer to instruct the jury that the reference to syringes should be disregarded. On appeal, counsel argues that the mention of the word "syringes" constituted evidence of "other crimes" which did not come within Fed.R.Evid. 404(b).

In denying counsel's motion for a mistrial, the district judge observed that the passing reference to "syringes" did not necessarily inject "drugs" into the case, since there were many legitimate uses for a syringe. Be that as it may, in our view, the district judge did not commit reversible error in denying the motion for a mistrial, and, under the described circumstances, any possible error would be only harmless error.

McCary was admittedly a fugitive from justice at the time of his arrest in Durant, Oklahoma. The only issues were whether at the time of his arrest McCary possessed a firearm which had traveled in interstate commerce and whether the Ford Thunderbird

which he had been driving had traveled in interstate commerce. In this regard, it was agreed that the firearm had been in interstate commerce and that the vehicle was stolen in Texas and driven to Oklahoma. Further, in cross-examination of McCary, who testified in his own behalf, it was brought out that McCary had a prior felony conviction for possession of methamphetamine with an intent to distribute, i.e., the conviction in the United States District Court for the Northern District of Texas. There is no suggestion that the United States Attorney was himself guilty of misconduct or bad faith. He advised the district court that he had instructed the witnesses not to mention the word "syringe", that it would not be mentioned again and that the "fleeting mention" of the word did not justify the drastic remedy of mistrial. We agree. All things considered, the district court did not abuse its discretion in denying the motion for mistrial. *United States v. Torres,* 959 F.2d 858, 860 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992).

### *Prior Conviction*

Under Sentencing Guidelines § 2K2.1(a)(4)(A) the base offense level for a defendant convicted of the unlawful possession of a firearm is 20 "if the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense . . ." The district court, in accord with the presentence report, held that McCary had one prior conviction of a controlled substance report, i.e. his conviction in the United States District Court for the Northern District of Texas on the methamphetamine charge, and that, accordingly, McCary's base offense level was 20.[3]

Counsel argues that since on the date of the present offenses, which was July 11, 1992, McCary had not yet been sentenced on the methamphetamine charge by the United States District Court for the Northern Dis-

---

**3.** The district court adjusted McCary's base offense level from 20 to 22 by adding two points for obstruction of justice, based on McCary's attempt to escape from jail after his conviction in the instant case. Under the Sentencing Guidelines, the sentencing range for one with a base

offense level of 22 and a criminal history category of II, which was McCary's criminal history category, is 46 to 57 months. The district court opted for the 46 months sentence, the bottom of the applicable range.

trict of Texas, McCary had not been "convicted" within the meaning of 2K2.1(a)(4)(A), and such being the case McCary's base offense level was only 12—not 20. This argument misses the mark.

Dates become important. McCary pleaded guilty to the methamphetamine charge in the United States District Court for the Northern District of Texas on January 31, 1992, and was sentenced to imprisonment for 211 months on that charge on September 11, 1992. As indicated, the date of the commission of the present charges was July 11, 1992. However, McCary was not convicted of the present charge until a jury so found on November 23, 1992, and he was not sentenced on those convictions until January 11, 1993.

■ The critical date to us is the date McCary was sentenced in the present proceeding, i.e. January 11, 1993, and not the date of the offenses for which he was convicted, i.e. July 11, 1992. We are concerned with McCary's base offense level, which is to be determined, and fixed, on the basis of McCary's status as of the date the district judge imposed sentence, not the date of the offense for which he had previously been convicted and for which he was then awaiting sentence.

■ The real question is whether on January 11, 1993, when McCary appeared in the United States District Court for the Eastern District of Oklahoma for sentencing, McCary "had one prior felony conviction for a crime of ... a controlled substance offense." Clearly as of that date, McCary had been so "convicted" of the methamphetamine charge in the United States District Court for the

Northern District of Texas. He had not only pleaded guilty to that charge in that court on January 31, 1992, but had also been sentenced therein to 211 months on September 11, 1992. Accordingly, on January 11, 1993, McCary indeed had one prior felony conviction for a controlled substance offense.[4]

*Concurrent Vis-a-vis Consecutive Sentences*

■ As stated at the outset, McCary was sentenced to 46 months on each count of the present indictment, such to be served concurrently with each other. The United States Attorney had previously filed a notice seeking "sentencing enhancement" pursuant to 18 U.S.C. § 3147 and Sentencing Guidelines § 2J1.7.[5] At sentencing, the district court denied the United States Attorney's request for sentencing enhancement, stating that the government's reliance on 18 U.S.C. § 3147 and Sentencing Guidelines § 2J1.7 was misplaced since they "would apply only when an offense committed while on bond is charged in the jurisdiction where the bond in question is recorded." The district court then ordered that McCary's sentence of 46 months on each count in the present indictment be served concurrently with the 211–month term imposed in the Texas proceeding.

We find nothing in 18 U.S.C. § 3147 or guideline § 2J1.7 which limits their application to subsequent offenses committed in the same district as where the defendant was released on bond and precludes application where the subsequent offense is committed in a district other than the district where he had previously been released on bond. In this court counsel for McCary does not argue that the reason given by the district court for

---

4. In view of our approach to this particular matter, we need not here consider McCary's contention that under § 2K2.1(a)(4)(A) there is no "prior conviction" until there is actual sentencing on the "prior conviction."

5. § 31.47. Penalty for an offense committed while on release

 A person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

 (1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

§ 2J1.7. *Commission of Offense While on Release*

If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

not considering 18 U.S.C. § 3147 or Sentencing Guidelines 2J1.7 is valid or correct. In sum, we are not inclined to judicially engraft on 18 U.S.C. § 3147 and Guideline 2J1.7, the limitation perceived by the district court.[6]

Accordingly, the sentence imposed is vacated and the case is remanded to the district court with directions that it reconsider the impact of 18 U.S.C. § 3147 and Sentencing Guidelines 2J1.7 on the sentences heretofore imposed. Otherwise the judgment is affirmed.

6. For a discussion of 18 U.S.C. § 3147, *see United States v. Di Pasquale,* 864 F.2d 271, 279–81 (3rd Cir.1988).