UNITED STATES COURT OF APPEALS
**Filed 7/26/96**TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRYL LINDSEY ALEXANDER,

Defendant-Appellant.

Case No. 95-3330

(D.C. 95-40005-01-RDR)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Defendant-Appellant Darryl Lindsey Alexander appeals the sentence imposed

upon him by the United States District Court for the District of Kansas for making a false

statement in relation to the purchase of a firearm. Mr. Alexander argues that the district

court incorrectly calculated his base offense level under section 2K2.1(a)(2) of the United

States Sentencing Guidelines (U.S.S.G.). We disagree and affirm the sentence imposed

by the district court.[1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined that
oral argument would not materially assist the determination of this appeal. See Fed. R. App. P.

On October 26, 1993, Mr. Alexander purchased two Lorcin .25 caliber semi-automatic pistols. In preparing the ATF Form 4473 pursuant to the purchase, Mr. Alexander indicated that he had not been convicted of a felony when, in fact, he had been convicted of a conspiracy to commit robbery in September 1983. On January 11, 1995, a grand jury returned a two count indictment against Mr. Alexander, charging him in count one with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and in count two with making a false statement to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B). On February 22, 1995, a superseding indictment was handed down which included the same two counts but instead of listing a specific predicate felony in count one, stated that Mr. Alexander had previously "been convicted of a crime punishable by imprisonment for a term exceeding one year." Rec. vol. I, doc. 18 at 1. On May 15, 1995, pursuant to a plea agreement, Mr. Alexander pleaded guilty to count two of the superseding indictment -- making false statements in the acquisition of a firearm -- and the government dismissed count one.

The presentence report prepared for sentencing on the false statements charge utilized U.S.S.G. § 2K2.1(a)(2) to set Mr. Alexander's base offense level at 24. U.S.S.G. § 2K2.1(a)(2) applies "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." One of the two prior convictions listed in the presentence report and relied on to set the offense level at 24 was a kidnaping

---

34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

conviction handed down in July of 1994, nearly two years after Mr. Alexander made the false statements in relation to purchasing the firearms. Mr. Alexander objected to the use of the kidnapping conviction, but the district court overruled his objection and sentenced him to a term of 60 months incarceration for the false statements.

Mr. Alexander unpersuasively argues that U.S.S.G. § 2K2.1(a)(2) should not have been used to determine his base offense level because the kidnaping conviction did not occur until after he had committed the false statements crime. In support of this position, Mr. Alexander argues that the use of the verb "had" in section 2K2.1(a)(2) implies that only convictions a defendant "had" when he or she committed the crime may be used in calculating his or her base offense level. An unreported case from the United States District Court for the District of Oregon supports Mr. Alexander's position. See United States v. Kaiser, Crim. No. 93-178-FR, 1994 WL 41349 (D. Or. Jan. 28, 1994).

The government contends that "prior convictions" as used in U.S.S.G. § 2K2.1(a)(2) refer to all the sentences that have been imposed against the defendant at the time of sentencing for the instant crime irrespective of when the underlying criminal conduct took place. The government points to Application Note 5 in the commentary to § 2K2.1 which states that "[f]or purposes of determining the number of such convictions under subsections (a)(1), (a)(2), (a)(3), and (a)(4)(A), count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)." See U.S.S.G. § 2K2.1, comment. (n.5). Section 4A1.1 calculates criminal history categories based in part upon

"each prior sentence of imprisonment." See U.S.S.G. § 4A1.1(a), (b). "Prior sentence" is defined in section 4A1.2, and elaborated on in the commentary:

> "Prior sentence" means a sentence imposed prior to <u>sentencing on the instant offense</u>, other than a sentence for conduct that is part of the instant offense. <u>A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense</u>.

U.S.S.G. § 4A1.2, comment. (n.1) (citation omitted) (emphasis added). The government maintains that this broad definition of prior sentences under § 4A1.2 authorizes a sentencing court applying § 2K2.1(a) to consider sentences that were imposed after the defendant commmitted the instant offense. Therefore, the government argues, the district court correctly used Mr. Alexander's kidnaping conviction in determining his base offense level under section 2K2.1(a)(2).

In support of this reasoning the government cites <u>United States v. McCary</u>, 14 F.3d 1502 (10th Cir. 1994). In <u>McCary</u>, the defendant pleaded guilty to a federal controlled substance offense on January 31, 1992. On July 11, 1992, prior to being sentenced on the controlled substance offense, Mr. McCary committed an unrelated firearms offense. He was sentenced on the controlled substance offense on September 11, 1992 and the firearms offense on January 11, 1993. Mr. McCary challenged the sentence imposed for the firearms offense under U.S.S.G. § 2K2.1(a)(4)(A) which provides for a base offense level of 20 "if the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense." Mr. McCary argued that the district court incorrectly

4

used this section because he had not yet been sentenced for the controlled substance offense at the time he committed the firearms offense. The court held that a defendant's base offense level "is to be determined, and fixed, on the basis of [the defendant's] status as of the date the district judge imposed sentence, not the date of the offense for which he had previously been convicted and for which he was then awaiting sentence." McCary, 14 F.3d at 1506.

We are not persuaded by Mr. Alexander's attempt to distinguish McCary. Although the facts of that case do differ slightly from those now before us, the difference does not alter the applicability of § 2K2.1(a)(2). Clear circuit precedent holds that the order of the underlying offenses is immaterial to the calculation of a defendant's criminal history score under § 4A1.1. See United States v. Walling, 936 F.2d 469, 471 (10th Cir. 1991); United States v. Smith, 900 F.2d 1442, 1446-48 (10th Cir. 1990). Our circuit extended this reasoning to the determination of base offense levels under § 2K2.1(a) in McCary, 14 F.3d at 1506, and Kaiser, 1994 WL 41349 at *2, does not persuade us to reconsider our position. Thus, we need only ask if Mr. Alexander had any prior sentences for crimes of violence or controlled substance offenses at the time of his sentencing for the instant offense. At that time -- August 4, 1995 -- he had been convicted and sentenced in 1983 for conspiracy to commit robbery and in 1994 for kidnaping. Each of these sentences would count toward Mr. Alexander's criminal history category under U.S.S.G. § 4A1.1, and therefore both may be counted to determine Mr. Alexander's base

offense level under U.S.S.G. § 2K2.1(a)(2).

For the foregoing reasons, we AFFIRM the sentence imposed by the district court. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge