UNITED STATES of America,
Plaintiff–Appellant,

v.

Michael Lynn BARTON,
Defendant–Appellee.

No. 95–5542.

United States Court of Appeals,
Sixth Circuit.

Argued March 22, 1996.

Decided Nov. 15, 1996.

Rehearing Denied Dec. 30, 1996.

---

Hugh B. Ward, Jr. (argued and briefed), Office of the U.S. Attorney, Knoxville, TN, for Plaintiff–Appellant.

Kim A. Tollison (argued and briefed), Federal Defender Services, Knoxville, TN, for Defendant–Appellee.

Before: KRUPANSKY, RYAN, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

The question presented in this appeal is whether the federal sentencing guideline for possession of a firearm by a felon includes in the calculation of the base offense level a crime committed after the firearm offense, where the defendant is convicted and sentenced on the latter offense prior to sentencing on the felon-in-possession charge. We hold that it does not.

## I. FACTS

On February 4, 1993, officers of the Maryville, Tennessee, police department stopped an automobile that had been traveling with only one working headlight. The officers observed a sawed-off shotgun in the back seat; the passenger, defendant Michael Barton, admitted that the gun was his. On December 19, 1994, Barton pleaded guilty to count one of his indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the sole issue was whether the applicable provision of the United States Sentencing Guidelines was § 2K2.1(a)(1) or § 2K2.1(a)(3). The current version of § 2K2.1(a) prescribes the base offense level for unlawful possession of firearms as follows:

(1) 26, if the offense involved a firearm described in 26 U.S.C. § 5845(a) ...,

and the defendant *had at least two prior felony convictions* of either a crime of violence or a controlled substance offense; or

.    .    .    .    .

(3) 22, if the offense involved a firearm described in 26 U.S.C. § 5845(a) ..., and the defendant *had one prior conviction* of either a crime of violence or a controlled substance offense[.]

(emphasis added). While Barton was sentenced under the November 1994 edition of the *Guidelines Manual,* the language of the amended version of § 2K2.1(a) appearing in the November 1995 edition does not differ in any relevant way.

Barton conceded that his April 30, 1987, Tennessee conviction for rape constitutes a prior conviction for purposes of § 2K2.1(a). The issue was whether a Tennessee conviction for sale and attempted sale of cocaine would also be counted. Barton committed that offense on July 19, 1993—five months after committing the felon-in-possession offense. Barton's state prosecution moved faster than his federal case; he was convicted and sentenced on the state drug charges on March 30, 1994.

During the March 28, 1995, federal sentencing hearing, the district court rejected the government's argument that the drug conviction should be considered a second prior felony conviction. The district court therefore applied § 2K2.1(a)(3). The adjusted sentencing range was forty-six to fifty-seven months. The district court sentenced Barton to fifty months' imprisonment. Had the district court instead applied § 2K2.1(a)(1), Barton's sentencing range would have been seventy to eighty-seven months.

The government now appeals the district court's decision.

## II. U.S.S.G. § 2K2.1(a) AND "PRIOR" FELONY CONVICTIONS

This court reviews a district court's interpretation of a provision of the sentencing guidelines de novo. *United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996). The

issue that we must decide is whether Barton "had at least two prior felony convictions." The answer depends upon whether Barton's state drug conviction counts for purposes of § 2K2.1(a).

■ This question is a matter of first impression in this circuit, although the Tenth Circuit addressed it in *United States v. McCary,* 14 F.3d 1502 (10th Cir.1994). In *McCary,* the following sequence of events occurred: (1) the defendant pleaded guilty to a federal drug charge; (2) the defendant committed the federal offense of possession of a firearm by a fugitive from justice; (3) the defendant was sentenced for the drug crime; (4) the defendant was found guilty of the firearm offense; and (5) the defendant was sentenced on the firearm offense. *Id.* at 1503, 1505–06. Interpreting § 2K2.1(a)(4)(A), which establishes the base offense level for a defendant who commits a firearm offense and who "had one prior felony conviction of either a crime of violence or a controlled substance offense," the court held that the drug conviction would be counted against the defendant:

> The critical date to us is the date McCary was sentenced in the present proceeding, i.e. January 11, 1993, and not the date of the offenses for which he was convicted, i.e. July 11, 1992. We are concerned with McCary's base offense level, which is to be determined, and fixed, on the basis of McCary's status as of the date the district judge imposed sentence, not the date of the offense for which he had previously been convicted and for which he was then awaiting sentence.
>
> The real question is whether on January 11, 1993, when McCary appeared in the United States District Court for the Eastern District of Oklahoma for sentencing, McCary "had one prior felony conviction for a crime of . . . a controlled substance offense." Clearly as of that date, McCary had been so "convicted" of the methamphetamine charge in the United States District Court for the Northern District of Texas. He had not only pleaded guilty to that charge in that court on January 31, 1992, but had also been sentenced therein to 211 months on September 11, 1992.

Accordingly, on January 11, 1993, McCary indeed had one prior felony conviction for a controlled substance offense.

*Id.* at 1506. The rule established in *McCary,* then, is that offenses resulting in conviction prior to the defendant's sentencing on the federal firearm offense are to be considered in setting the base offense level. Although we think that *McCary* reached the correct result, we disagree with the analytic approach adopted by the Tenth Circuit.

■ The starting point for any interpretation of a guideline provision is the language of the guideline itself. *United States v. Wong,* 3 F.3d 667, 670 (3d Cir.1993). Here, the government's appeal has merit only if the defendant "had at least two prior felony convictions." § 2K2.1(a)(1). In other words, this guideline applies to Barton only if it encompasses post-offense conduct.

The first and most significant problem with the government's reading of § 2K2.1 is that it ignores the plain meaning of the guideline. The use of the past-tense verb "had", rather than the present-tense "has", unambiguously indicates that the relevant period for considering prior convictions is not open-ended. The most natural reading of the guideline is that the number of prior felony convictions must be determined as of the date that the defendant commits the federal firearm offense, not the date of sentencing for that offense as contended by the government. Moreover, § 2K2.1 defines the base offense level for the crime, an indication of its gravity. Conceptually, it is difficult to see how unrelated post-offense criminal actions can retroactively render the original federal offense more serious. The guideline at issue plainly does not contemplate such a result.

The second hurdle that the government must overcome is the use of the word "prior". The reference to "prior" means that the felony convictions must have occurred before some other event. In light of the fact that § 2K2.1 defines the base offense level, it is apparent that the relevant event for assessing whether a conviction is "prior" is the commission of the federal firearm offense.

The government argues that the temporal focus of § 2K2.1 is instead on the time of sentencing on the federal charge. This assertion is unconvincing. Where the Sentencing Commission has intended the courts to consider post-offense actions in determining the appropriate sentence, it has had no difficulty in doing so.

Whereas chapter two of the *Guidelines Manual* addresses the base offense level to be assigned to each substantive crime, chapter four focuses on the criminal history of the defendant. Section 4A1.1 directs the courts to consider "each prior sentence," and § 4A1.2(a)(1) defines "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." To clarify that guideline further, the application notes define a "prior sentence" to be "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." § 4A1.2, comment. (n.1). The guidelines clearly establish that the relevant time for determining prior sentences for purposes of calculating the criminal history category is the time of sentencing on the instant federal offense, thereby embracing post-offense convictions.

We hold that for purposes of §§ 2K2.1(a)(1) and (a)(3), only those convictions that occur prior to the commission of the firearm offense may be counted against the defendant in determining the base offense level. Defendant's drug conviction, which was based upon conduct occurring subsequent to his firearm offense, is not within this rule. The district court properly applied § 2K2.1(a)(3).

We noted earlier that, while disagreeing with the legal rule announced by the Tenth Circuit in *McCary,* we consider that case to have been rightly decided. Under the framework that we have articulated, the critical question is whether the defendant was convicted of the unrelated crime prior to committing the weapons offense. In *McCary,* the defendant pleaded guilty to the

drug charge before committing the firearm offense. The trial court's acceptance of his plea established his guilt of the drug crime and, therefore, constituted a conviction. *Cf.* U.S.S.G. § 4A1.2(a) (" 'Convicted of an offense,' for purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.*"). In our view, then, the fact that the defendant in *McCary* was sentenced after committing the weapons crime was immaterial, since the focus should have been on when he was convicted of the drug charge.

### III. CONCLUSION

The judgment of the district court is **affirmed.**