105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Brian BELSER, Defendant-Appellant.
 No. 95-5689.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1997.
 
 On Appeal from the United States District Court, for the Eastern District of Tennessee, No. 94-00087; James H. Jarvis, Chief Judge.
 E.D.Tenn.
 VACATED.
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendant, William Brian Belser, pleaded guilty to receiving a firearm while under indictment for a felony in violation of 18 U.S.C. §§ 922(n) and 924(a). He now appeals the sentence imposed for that offense, arguing that a second-degree murder conviction included in the calculation of his base offense level under § 2K2.1 of the United States Sentencing Guidelines should not have been considered because the commission of his federal firearm offense preceded that conviction.
 
 
 2
 Brian Shaver was murdered on March 29, 1993, and defendant was indicted for that crime on June 1, 1993. On September 10, 1993, defendant went to a sporting goods store and purchased a Ruger Mini-14 rifle; this purchase violated federal firearms law as defendant was under indictment for a crime punishable by a term exceeding one year at the time he received the gun. See 18 U.S.C. § 922(n). On June 12, 1994, defendant was convicted of the second-degree murder of Mr. Shaver. On January 27, 1995, defendant pleaded guilty to the federal firearm offense. Thus, at the time defendant committed his federal firearm offense, he had not been convicted of second-degree murder.
 
 
 3
 In United States v. Barton, 100 F.3d 43 (6th Cir.1996), this court held that "only those convictions that occur prior to the commission of the firearm offense may be counted against the defendant in determining the base offense level." Barton, 100 F.3d at 46. Accordingly, it was improper for the district court to consider the second-degree murder conviction in calculating defendant's base offense level for the federal firearm offense.
 
 
 4
 The sentence imposed by the district court is hereby vacated and this matter is remanded for resentencing consistent with this opinion.