# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2929

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Ryan Dale Oetken, | * | District of Iowa. |
| | * | |
| Appellee. | * | |

———————

Submitted:  January 9, 2001

Filed:  February 28, 2001

———————

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and ALSOP,[1] District Judge.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ryan Dale Oetken was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government maintained at sentencing that Mr. Oetken's base offense level should be increased from 14, *see* U.S.S.G. § 2K2.1(a)(6)(A), to 20, *see* § 2K2.1(a)(4)(A), to reflect a burglary conviction that he received after he had committed the instant offense. The sentencing guidelines

———————

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

establish a base offense level of 20 if the defendant "had one prior felony conviction ... [for] a crime of violence," *see* § 2K2.1(a)(4)(A). Mr. Oetken conceded that his burglary conviction constitutes a "crime of violence" for sentencing purposes but contended that § 2K1.2(a)(4)(A) did not apply because the burglary conviction came after he had committed the firearms offense.

The district court[2] held that a post-offense conviction was not a "prior felony conviction ... [for] a crime of violence" under § 2K2.1(a)(4)(A) and thus refused to increase Mr. Oetken's base offense level. The government appeals Mr. Oetken's sentence. We review *de novo* the district court's application of the sentencing guidelines*, see United States v. Hunt*, 171 F.3d 1192, 1196 (8th Cir. 1999), and affirm.

I.

We have not previously addressed the issue of whether § 2K2.1(a)(4)(A) encompasses post-offense convictions, and those circuits that have addressed it have not reached a consensus. Some courts have excluded post-offense convictions from the sentencing determination. *See United States v. Pedragh*, 225 F.3d 240, 245 (2d Cir. 2000), and *United States v. Barton*, 100 F.3d 43, 46 (6th Cir. 1996). Others have included them. *See United States v. Laihben*, 167 F.3d 1364, 1366, 1366 n.2 (11th Cir. 1999), *cert. denied*, 527 U.S. 1029 (1999); *United States v. Pugh*, 158 F.3d 1308, 1311 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1125 (1999); and *United States v. Gooden*, 116 F.3d 721, 724-25 n.5, 725 (5th Cir. 1997), *cert. denied*, 522 U.S. 938 (1997). *See also United States v. McCary*, 14 F.3d 1502, 1506 (10th Cir. 1994).

The language of § 2K2.1(a)(4)(A) does not specify when, for the guideline to apply, Mr. Oetken must have "had one prior felony conviction." Mr. Oetken contends that he must have had a prior felony conviction at the time that he committed the

---

[2]The Honorable Charles R. Wolle, Chief United States District Judge for the Southern District of Iowa.

offense for which he is being sentenced, while the government maintains that § 2K2.1(a)(4)(A) applies so long as he had one prior felony conviction at the time of sentencing. We believe that Mr. Oetken's reading of the guideline is superior from both a grammatical and a logical point of view.

The use of the past-tense verb "had" indicates to us that the guideline refers to convictions that a defendant possessed at some point prior to sentencing. *See Pedragh*, 225 F.3d at 245-46. If the Sentencing Commission had intended to include post-offense convictions, we think it more likely that it would have used the present-tense "has" instead of the past-tense "had." *See id.* at 246. To satisfy the "had" language, a sentencing judge must therefore look to some point in the past and determine whether the defendant had a "prior" conviction at that time. We believe that the most obvious time to look to would be the time that the defendant committed the offense of conviction.

Our confidence in this proposed construction of the guideline is increased when we consider that § 2K2.1 establishes base offense levels that increase with the offender's history of violence, reflecting, we think, the Sentencing Commission's belief that it is a more serious offense for violent felons to possess a firearm. *Cf. Barton*, 100 F.3d at 45. The fact that Mr. Oetken was convicted of a crime of violence after he committed the instant offense ought not to transform his possession of a firearm into a more serious offense retroactively, *see id.* and *Pedragh*, 225 F.3d at 246, and we note that his post-offense burglary conviction is reflected in his criminal history calculation. We thus conclude that the better reading of § 2K2.1(a)(4)(A) is that Mr. Oetken's post-offense conviction may not be used to increase his base offense level.

II.

The government correctly points out that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution ... or is inconsistent with, or a plainly erroneous reading of, that guideline," *Stinson v.*

*United States*, 508 U.S. 36, 38 (1993). Thus, if we were to find that some relevant commentary instructs that post-offense convictions should be counted under § 2K2.1, we might well be obliged to follow it. Because we find nothing in the commentary to support this conclusion, however, our interpretation of the guideline is unaffected.

Application note 5 to § 2K2.1 states that the term "prior felony conviction" is defined in application note 1 to § 4B1.2 (the definitions guideline with respect to career offenders). This definition, however, sheds no light on the meaning of the word "prior"; it concentrates, instead, on what a "felony conviction" is. *See* § 4B1.2, application note 1, ¶ 9. Application note 5 to § 2K2.1 then states that "[f]or purposes of determining the number of such [prior] convictions ... count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)." That section, in turn, defines what convictions receive criminal history points and notes that certain convictions, for one reason or another, receive no criminal history points. *See* § 4A1.1, application notes 1-3. Nothing in § 4A1.1 contributes to a definition of "prior conviction."

The commentary to § 4A1.1 also notes, however, that the section should be read in conjunction with § 4A1.2. The government lays great emphasis on the statement in application note 1 to § 4A1.2 that a "prior sentence" means "a sentence imposed prior to sentencing on the instant offense" to support its argument that § 2K2.1(a)(4)(A) includes post-offense convictions. We believe that the government's reliance on this language is misplaced, however, because § 2K2.1 refers to § 4A1.1 (and thus § 4A1.2) to determine which prior convictions receive criminal history points but only after the number of prior convictions has been calculated under § 4B1.1 (career offenders) and § 4B1.2 (definitions relevant to career offenders). The definition of "prior sentence" in § 4A1.2(a) is therefore applicable to § 2K2.1 only insofar as it determines what prior convictions receive criminal history points; it has no bearing whatever on what constitutes a prior conviction for the purposes of determining an offense level.

Because we find nothing in the sentencing guidelines or the accompanying commentary and application notes that compels us to alter the interpretation of § 2K2.1(a)(4)(A) that we previously posited, we hold that only a conviction occurring prior to the commission of the instant offense can constitute a "prior felony conviction." Thus, because Mr. Oetken was convicted of burglary after he committed his firearms offense, the burglary conviction cannot be used to increase his base offense level on the firearms offense.

Even if we were to find that the government's reading of § 2K2.1(a)(4)(A) was a plausible one, moreover, we would reach the same result. Where there are two plausible readings of a guideline provision, we apply the rule of lenity and give the defendant the benefit of the reading that results in the shorter sentence. *See United States v. Pharis*, 176 F.3d 434, 436 (8th Cir. 1999). The rule of lenity would thus require us to adopt the construction of the guidelines that we have already proposed in any event, because it results in a shorter sentence for Mr. Oetken.

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.