**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Syed Ashraf Ali QUNDHARI,**
**Defendant–Appellant.**

No. 02–6398.

United States Court of Appeals,
Sixth Circuit.

June 9, 2003.

Before: KEITH, BATCHELDER, and CLAY, Circuit Judges.

## ORDER

Syed Ashraf Ali Qundhari, proceeding through counsel, appeals the sentence imposed following his conviction on three counts of making false statements during proceedings relating to naturalization, citizenship, or registry of aliens, in violation of 18 U.S.C. § 1015. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 13, 2002, Qundhari was indicted on five counts of violating 18 U.S.C. § 1015. The district court dismissed two counts, and a jury convicted Qundhari of the three remaining counts on July 11, 2002. At sentencing and over Qundhari's objection, the district court imposed a two level enhancement pursuant to USSG § 2L2.2(b)(1), because Qundhari had been deported prior to the commission of the instant offense. With a total base offense level of 10 and a criminal history category of 1, Qundhari's resulting guidelines range of imprisonment was 6 to 12 months. On October 24, 2002, the district court sentenced Qundhari near the middle

of the range to 10 months in prison, 2 years of supervised release, and a $300 special assessment.

In his timely appeal, Qundhari contends that the district court erred by imposing the § 2L2.2(b)(1) enhancement because he lacked knowledge that he previously had been deported. He argues that the enhancement should not be applied without a finding of scienter because statutes imposing criminal liability without a mental culpability requirement are generally disfavored. Qundhari's "lack of knowledge" of the deportation occurred because he left the United States after a previous arrest for using false immigration documents and release on bond, but before the conclusion of deportation proceedings. When he failed to appear at the deportation hearing on May 14, 1992, an immigration judge ordered Qundhari to be deported in absentia.

This court reviews de novo a district court's interpretation of the guidelines. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000); *United States v. Barton*, 100 F.3d 43, 44 (6th Cir.1996).

■■■ The district court properly concluded that § 2L2.2(b)(1) does not require a finding of scienter. The interpretation of a guideline provision begins with the language of the guideline. *Barton*, 100 F.3d at 45 (citing to *United States v. Wong*, 3 F.3d 667, 670 (3d Cir.1993)). Section 2L2.2(b)(1) provides for a two level enhancement "[i]f the defendant is an unlawful alien who has been deported (voluntarily or involuntarily) on one or more occasions prior to the instant offense." The unambiguous language of § 2L2.2(b)(1) does not contain a scienter requirement and this court declines "to find ambiguity where none exists to defeat the plain meaning of the Guidelines." *United States v. Mobley*, 956 F.2d 450, 453 (3d Cir.1992). Furthermore, comparison of § 2L2.2(b)(1) to guidelines which ex-

pressly contain a scienter requirement indicates that Congress knew how to include a scienter requirement, but chose not to do so. *See United States v. Thornton*, 306 F.3d 1355, 1359 (3d Cir.2002); USSG § 2K1.3(b)(2) (applied where defendant "knew or had reason to believe" that explosive material was stolen); USSG § 3C1.1 (applied where defendant "wilfully" obstructed or attempted to obstruct justice). The Sentencing Guidelines are distinct from criminal statutes and "are not normally required to carry their own mens rea requirements." *United States v. Gonzalez*, 262 F.3d 867, 870 (9th Cir.2001). The failure to carry a mens rea requirement does not by itself make a guideline unconstitutional. *See generally United States v. Goodell*, 990 F.2d 497 (9th Cir. 1993). Nor does the lack of any scienter requirement in § 2L2.2(b)(1) violate due process as it did not increase the maximum statutory penalty of 5 years, did not negate the government's burden of proving the underlying offense, and did not create a separate offense calling for a separate penalty. *See* 18 U.S.C. § 3571; *McMillan v. Pennsylvania*, 477 U.S. 79, 87–88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

Finally, we note that Qundhari's proposed interpretation of § 2L2.2(b)(1) would reward him for absconding in 1992. An interpretation of the Guidelines which produces an absurd result such as this must be avoided. *See United States v. Hayter Oil Co.*, 51 F.3d 1265, 1274 (6th Cir.1995) (citing *United States v. Jennings*, 945 F.2d 129, 136 (6th Cir.1991), *modified*, 966 F.2d 184 (6th Cir.1992)).

Accordingly, the district court's judgment is affirmed.