# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1879

———————

United States of America,

        Appellee,

v.

Randy Lynn Zirtzman,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: October 12, 2007
Filed:  October 19, 2007

———————

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Randy Lynn Zirtzman pleaded guilty to knowingly making his property available for the purpose of manufacturing, storing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856.  The district court[1] calculated a base offense level of 32, see U.S.S.G. §§ 2D1.8(a), 2D1.1(c) (2005); a 6-level increase because the offense created a substantial risk of harm to Zirtzman's minor child who was present in the home while methamphetamine was being manufactured, see U.S.S.G. § 2D1.1(b)(6)(C) (2005); a 3-level reduction for accepting responsibility; a

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Category II criminal history; and a Guidelines imprisonment range of 188-235 months. The court sentenced Zirtzman to 188 months in prison and 3 years of supervised release.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying a mitigating-role reduction under U.S.S.G. § 3B1.2(b) (2005), and imposed an unreasonable sentence as a result of giving undue weight to the advisory Guidelines range. We find no clear error in the district court's denial of the reduction because Zirtzman allowed his property to be used to manufacture methamphetamine, and he obtained precursor chemicals that were used in the manufacturing process. See United States v. Johnson, 408 F.3d 535, 538-39 (8th Cir. 2005) (standard of review; mere fact that defendant is less culpable than others does not entitle him to reduction; defendant was not entitled to reduction where he was responsible for supplying pseudoephedrine for methamphetamine-manufacturing operation). We also conclude that Zirtzman's sentence is not unreasonable: the district court properly took into account the Guidelines imprisonment range along with other 18 U.S.C. § 3553(a) factors and Zirtzman's arguments in favor of a downward departure and/or variance. See United States v. Booker, 543 U.S. 220, 260-62 (2005) (§ 3553(a) will guide appellate courts in determining whether sentence is unreasonable); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (discussing appropriate consideration of § 3553(a) factors); see also Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness for sentence within Guidelines range).

Zirtzman asserts in his supplemental pro se brief that his base offense level should have been lower than 32; he should not have received the 6-level increase; and the district court should have applied the rule of lenity. We reject the first two arguments, because at sentencing Zirtzman did not reassert or request a ruling on his previous objection to the 6-level increase, see United States v. Hester, 140 F.3d 753, 761-62 (8th Cir. 1998) (holding that although defendant submitted various objections

to presentence report, because he addressed only one of them during sentencing hearing and did not ask for ruling on others, those other objections were waived), and in his plea agreement he stipulated to a base offense level of 32, see United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant who stipulated in plea agreement to certain base offense level cannot challenge imposition of that base level where defendant did not challenge validity of agreement or seek to withdraw from it). The rule of lenity has no application here as the sentence was not based on an ambiguous Guidelines provision.  See United States v. Oetken, 241 F.3d 1057, 1060 (8th Cir. 2001).

We have carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues.  Accordingly, we affirm the district court's judgment.

_____