**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-10112**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**THOMAS JOSEPH STAUDER, II,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
_____

**January 8, 1996**

Before REAVLEY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

At issue is whether, for sentencing for a felon in possession of a firearm conviction, a Texas criminal deferred adjudication can be used for calculating the base offense level under the Sentencing Guidelines.  We **AFFIRM**.

I.

Thomas Joseph Stauder, II, pleaded guilty to being a felon in possession of a firearm.  For calculating Stauder's base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A), and over Stauder's objection, the district court included as a prior felony conviction Stauder's 1991 guilty plea to aggravated assault in Texas state court, for which he received a ten-year sentence, but with deferred adjudication probation.

II.

Stauder maintains that his Texas deferred adjudication is not a "conviction" under Texas law, and contends, therefore, that it should not have been counted in calculating his base offense level. Needless to say, we review, *de novo*, the district court's application of the Guidelines. *E.g.*, **United States v. Sneed**, 63 F.3d 381, 389 (5th Cir. 1995).

The base offense level for a defendant convicted of a firearm offense is based on the number of certain types of prior felony convictions. U.S.S.G. § 2K2.1. Section 2K2.1(a)(4)(A) provides for a base offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense"; Stauder concedes that aggravated assault (his Texas offense) is a crime of violence.

The commentary to § 2K2.1 refers to application note 3 to § 4B1.2 for the definition of "prior felony conviction(s)". U.S.S.G. § 2K2.1, comment. (n.5). That note defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed". U.S.S.G. § 4B1.2, comment. (n.3).

The commentary to § 2K2.1 provides also that, "[f]or purposes of determining the number of ... convictions under [§ 2K2.1(a)(4)(A)], count any such prior *conviction* that receives any points under § 4A1.1 (Criminal History Category)". U.S.S.G. §

2K2.1(a)(4)(A), comment. (n.5) (emphasis added). The definitions and instructions for computing criminal history state that "[a] diversionary disposition resulting from a finding or admission of guilt ... is counted as a sentence under § 4A1.1(c) *even if a conviction is not formally entered....*" U.S.S.G. § 4A1.2(f) (emphasis added).

Accordingly, as Stauder acknowledges, the Guidelines provide that deferred adjudications resulting from a finding or admission of guilt are to be considered in computing the criminal history category. And, § 2K2.1 provides that any prior "conviction" that receives points for purposes of determining the criminal history category is to be considered in determining the number of prior felony convictions for calculating the base offense level under § 2K2.1. Although § 2K2.1 uses the term "conviction", it refers specifically to the criminal history provisions, which, as stated, include deferred adjudications such as Stauder's in calculating a defendant's criminal history score.[*]

---

[*] Stauder's reliance on **United States v. Hamilton**, 48 F.3d 149, 153 (5th Cir. 1995) ("when adjudication of guilt is deferred, there is no `conviction'" within meaning of FED. R. EVID. 609, which permits a witness to be questioned about prior convictions); **Martinez-Montoya v. I.N.S.**, 904 F.2d 1018, 1025-26 (5th Cir. 1990) (Texas deferred adjudication procedure does not result in final conviction within meaning of immigration laws); and **United States v. Dotson**, 555 F.2d 134, 135 (5th Cir. 1977) (upholding dismissal of charge that defendant was a felon in possession of a firearm because there was no adjudication of guilt and sentence was suspended), is misplaced. In short, those cases did not involve the interpretation of U.S.S.G. § 2K2.1.

III.

Based on the foregoing, we hold that the district court did not misapply the Guidelines by considering Stauder's deferred adjudication in calculating his base offense level.  Stauder's sentence is, therefore,

**AFFIRMED.**