UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10601
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD BRUCE GOODEN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____
June 17, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This direct criminal appeal involves an issue of first
impression:  whether, in the context of determining a defendant's
base offense level under U.S.S.G. § 2K2.1(a)(4)(A), the term "prior
felony conviction" encompasses a conviction that was not sustained
until after the defendant committed the offense at issue, but prior
to being sentenced.  In short, we determine whether the term
"prior" refers to convictions sustained prior to sentencing or only
to convictions sustained prior to the commission of the instant
offense.

I.    BACKGROUND AND PROCEDURAL HISTORY

Donald Bruce Gooden was indicted on charges of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and making false and fictitious statements regarding the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6).  Pursuant to a plea agreement, Gooden pleaded guilty to the possession charge.

Gooden was sentenced for the subject offense on May 17, 1996. His presentence report (PSR) contained the following information regarding the subject offense and an unrelated robbery that was used in calculating his base offense level and criminal history category.[1]  The subject offense was committed on February 22, 1994, when Gooden purchased a firearm from a pawn shop for a juvenile. At the time he purchased the pistol, Gooden was on felony probation for unlawful use of a motor vehicle.  In a separate incident on the same day, Gooden robbed his elderly grandparents, cutting their phone cords with a knife.

One year later, in February of 1995, Gooden pleaded nolo contendere or no contest to robbery in state court.  He received deferred adjudication for the crime and was required to spend 180 days in jail as a condition of probation.

In the court below, Gooden objected to the PSR's recommendation that the deferred adjudication be used in calculating either his base offense level or his criminal history category.  The court overruled Gooden's objection and sentenced him to 46 months imprisonment.

II.  APPLICATION OF U.S.S.G. § 2K2.1

---

[1]  The PSR also contained information regarding other convictions sustained by Gooden but those are not relevant to the claims raised on appeal.

This Court reviews the application of the sentencing guidelines de novo and the district court's findings of fact for clear error. United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992), cert. denied, 508 U.S. 919, 113 S.Ct. 2365 (1993). Gooden pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). It is undisputed that U.S.S.G. § 2K2.1 is the applicable guideline for determining the base offense level for crimes involving unlawful receipt, possession, or transportation of firearms. The parties do dispute, however, which subsection of § 2K2.1 applies. The PSR recommended that Gooden's base offense level be set in accordance with 2K2.1(a)(4)(A), which mandates an offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A).

Gooden acknowledges that he pleaded nolo contendere to the robbery charge and that robbery is a crime of violence. He nevertheless makes two challenges to the district court's decision to apply § 2K2.1(a)(4)(A). First, he argues that it was error because he had not yet been convicted of robbery at the time the weapons possession offense took place. Gooden relies upon the use of the word "had" (in the phrase "had one prior felony conviction") to argue that the subsection was intended to apply only to those instances in which the defendant had a prior violent felony conviction at the time he committed the firearms offense. Second, Gooden argues that the deferred adjudication for robbery should not be considered a "conviction" in the context of § 2K2.1(a)(4)(A)

3

because there was no finding or admission of guilt. Gooden therefore claims that the proper base offense level was 14 pursuant to U.S.S.G. § 2K2.1(a)(6), which is the base offense level for firearm possession by a prohibited person. We address this latter claim first.

A.   "TYPE" OF CONVICTION

This Court has determined that a deferred adjudication constitutes a "prior conviction" in the context of § 2K2.1. United States v. Stauder, 73 F.3d 56 (5th Cir. 1996). In that case, Stauder argued that because his deferred adjudication was not a "conviction" under Texas law, it should not have been used to determine his base offense level under § 2K2.1. This Court looked to the commentary of § 2K2.1, which refers the reader to application note 3 of § 4B1.2 for the definition of "prior felony conviction(s)." § 2K2.1, comment. (n.5). In pertinent part, note 3 defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." This definition did not answer Stauder's challenge.

Accordingly, we looked back to the remaining portion of the commentary to § 2K2.1, which provides that "[f]or purposes of determining the number of [prior felony] convictions under [§ 2K2.1(a)(4)(A)], count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)." Stauder, 73 F.3d at 57 (quoting § 2K2.1, comment. (n.5)) (first brackets

4

added). We then recognized that subsection (f) of § 4A1.2, the guideline containing the definitions and instructions for computing a defendant's criminal history, provides that "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered . . . ."

Reasoning as follows, we concluded that Stauder's deferred adjudication constituted a prior felony conviction: the commentary to § 2K2.1 provides that any prior "conviction" that receives points for the purpose of determining the criminal history category is to be counted as a prior conviction in determining the number of convictions under § 2K2.1(a)(4)(A); and the guidelines instruct that Stauder's deferred adjudication from a finding or admission of guilt is to be considered in computing the criminal history category. Id. In other words, Stauder's deferred adjudication constituted a prior felony conviction because, "[a]lthough § 2K2.1 uses the term `conviction,' it refers specifically to the criminal history provisions, which, as stated, include deferred adjudications such as Stauder's in calculating a defendant's criminal history score." Id.

Without reference to this Court's decision in Stauder, Gooden argues that the deferred adjudication he received for his plea of nolo contendere to the robbery is not a conviction under § 2K2.1 because it is not the "type of disposition" that receives criminal

5

history points.[2] Gooden points to the language in § 4A1.2(f), which provides that "[d]iversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted."[3]

We are unpersuaded by this argument for two reasons. First, Gooden ignores the remaining portion of § 4A1.2(f), which provides that "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered . . . ." The plain language provides that a plea of nolo contendere is counted. Second, the state court expressly found that Gooden committed the robbery offense when it accepted his plea of no contest.[4] We therefore

---

[2] Gooden argues that the deferred adjudication for robbery should not have been considered either in assessing criminal history points or determining his base offense level. He also argues that he should not have received any criminal history points for another one of his prior convictions, forgery by passing a check. He received deferred adjudication for that offense. The PSR listed the robbery and forgery offenses together and recommended that two criminal history points be assessed pursuant to § 4A1.1(b), which instructs that two points are assessed "for each prior sentence of imprisonment of at least sixty days. . . ." (emphasis added). The robbery conviction, unlike the forgery offense, entailed a 180-day jail sentence. Thus, the robbery conviction by itself qualified for two criminal history points.

[3] Gooden also relies on the following commentary: "[s]ection 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court." § 4A1.2, comment. (n.9).

[4] In relevant part, the judgment provided:

THE COURT, AFTER HAVING HEARD THE EVIDENCE AND ARGUMENT OF COUNSEL, IS OF THE OPINION AND FINDS THAT THE EVIDENCE SUBSTANTIATES THE DEFENDANT'S PLEA OF No Contest TO THE OFFENSE OF **ROBBERY** AS CHARGED IN THE SECOND COUNT OF THE INDICTMENT, AND THE DEFENDANT COMMITTED THE SAID OFFENSE ON **FEBRUARY 22, 1994.**

reject Gooden's argument that his plea of <u>nolo</u> <u>contendere</u> to robbery was not the type of disposition that receives criminal history points.

B.    TIMING OF "PRIOR" CONVICTION

In regard to Gooden's argument that the "prior felony conviction" must have been sustained prior to committing the firearms offense, we find our analysis in <u>Stauder</u> instructive. Under <u>Stauder</u>, as set forth in detail above, if a conviction qualifies for criminal history points, then it qualifies as a conviction under § 2K2.1.[5]

---

(emphasis in original).

[5]    Although this Court has not addressed the question whether a "prior" conviction under § 2K2.1 must be sustained prior to committing the firearms offense, the Sixth and the Tenth Circuits have done so and come to differing conclusions. <u>United States v. Barton</u>, 100 F.3d 43 (6th Cir. 1996); <u>United States v. McCary</u>, 14 F.3d 1502 (10th Cir. 1994).  In <u>McCary</u>, the Tenth Circuit, with little analysis, held that the date to ascertain whether the defendant had a prior conviction for purposes of § 2K2.1 was the date of sentencing, opining that the determination being made was the defendant's base offense level, which is determined at the time that the judge imposes sentence.
        Relying on its reading of the text of the guideline, the Sixth Circuit disagreed with the Tenth Circuit. <u>Barton</u>, at 45-46.  The Sixth Circuit held that only those convictions sustained before the commission of the firearms offense should be counted as prior felony convictions when determining a defendant's base offense level.  The Court believed that the Sentencing Commission's use of the past tense verb "had" and the adjective "prior" to describe the word "conviction" unambiguously indicated "that the number of prior felony convictions must be determined as of the date that the defendant commits the federal firearm offense, not the date of sentencing for that offense." <u>Id</u>. at 45.
        We do not find the language of § 2K2.1(a)(4)(A) unambiguous. There is nothing in the guideline to indicate whether "prior" refers to the time of the commission of the offense or to the time of sentencing.  While use of the past tense might be an intuitive basis for determining that the guideline is referring to the earlier point in time, <u>i.e.</u>, commission of the offense, in light of the commentary to § 2K2.1 and our decision in <u>Stauder</u>, we cannot agree.

7

Subsection (b) of § 4A1.1, the criminal history category guideline, provides that a defendant receives two criminal history points for each "prior sentence" of imprisonment of at least sixty days.  The commentary to § 4A1.2 defines "prior sentence" as:

> a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense.  See § 4A1.2(a).  A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

Because Gooden's sentence for robbery was imposed prior to sentencing on the instant offense, it constitutes a "prior sentence," thus qualifying for criminal history points.  Because Gooden's prior conviction qualifies for criminal history points, it is deemed a prior conviction for purposes of determining his base offense level under § 2K2.1(a)(4)(A).[6]

For the above reasons, we find that the district court properly considered Gooden's robbery conviction in determining both his base offense level under § 2K2.1(a)(4)(A) and his criminal

---

[6]  In the context of § 4B1.1, the career offenders guideline, the term "two prior felony convictions" does mean that the defendant must have committed the offense at bar subsequent to sustaining the two prior felony convictions.  § 4B1.2(3).  Gooden does not argue that the definition in § 4B1.2(3) controls, and we do not believe that it does.  Although the commentary to § 2K2.1 referred to § 4B1.2, subsections (1) and (2), and application note 3, it did not refer to subsection (3) of § 4B1.2.  As such, the definition in § 4B1.2(3) does not apply.  See § 1B1.5(b)(2) ("An instruction to use a particular subsection or table from another offense guideline refers only to the particular subsection or table referenced, and not to the entire offense guideline."); § 1B1.5, comment. (n.1) ("A reference may also be to a specific subsection of another guideline . . . .  In such case, only the specific subsection of that other guideline is used.").

history category under § 4A1.1.[7]

AFFIRMED.

---

[7] We note that determining whether the defendant had a prior conviction on the date of sentencing is consistent with the general rule that "[b]arring any ex post facto concerns, a district court must consider only the guidelines and policy statements that are in effect on the date the defendant is sentenced, not on the date the crime was committed." United States v. Brown, 920 f.2d 1212, 1216 (5th Cir.), cert. denied, 500 U.S. 925, 111 S.Ct. 2034 (1991) (citing 18 U.S.C. § 3553(a)(4), (5)).