**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-40577

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRIAS SANFORD, also known as Dee Dee,

Defendant - Appellant.

Appeals from the United States District Court
For the Southern District of Texas
USDC No. G-99-CR-10-13

March 22, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Demetrias Sanford ("Sanford") appeals his sentence of 120 months imprisonment. Sanford

challenges his sentence on the grounds that (1) he was a minor participant, and, therefore, deserved

a downward departure; (2) the district court double-counted criminal offenses in computing his

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

criminal history category; and (3) the district court erred in counting an offense for which he had not been sentenced prior to the commission of the instant offenses in computing his criminal history category. We affirm the district court's sentence.

Sanford was indicted following "Operation Shadowfox," an Organized Crime-Drug Enforcement Task Force investigation led by the Federal Bureau of Investigation and the Galveston County Narcotics Task Force. The task force focused on Terry Lee Scott's ("Scott") cocaine trafficking activities. Investigators identified Sanford during the course of his negotiations with Scott through wiretaps on Scott's home and cellular telephones. On December 7, 1997, police stopped Sanford, seizing 32.3 grams of cocaine from inside his vehicle's engine compartment, along with a digital scale found in the trunk. Pursuant to a search warrant, the police searched the home of Sanford's parents and seized 145.36 grams of cocaine powder and 65.8 grams of cocaine base.

Without the benefit of a plea agreement, Sanford pled guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine,[1] possession with intent to distribute crack cocaine,[2] and possession with intent to distribute cocaine.[3] Based on his criminal history and the 687.96 grams of cocaine powder and 65.8 grams of cocaine base the district court attributed to Sanford, the district court sentenced Sanford to 120 months imprisonment for each count, to run concurrently.

"Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable." *United States v.*

---

[1]     In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846.

[2]     In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

[3]     In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

-2-

*Matovsky*, 935 F.2d 719, 721 (5th Cir.1991). We review a district court's interpretation of the Sentencing Guidelines *de novo*. We review the district court's factual findings regarding sentencing for clear error. *See United States v. Deavors*, 219 F.3d 400, 401 (5th Cir. 2000); *United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995).

First, Sanford contends that the evidence shows that he was involved in the conspiracy for only thirteen days. As a result of this short term involvement, he asserts that the district court erred in not finding him to be a minor participant and granting him a downward departure on this basis. A defendant's classification as a minor participant is a finding of fact which we review for clear error. *See Brown*, 54 F.3d at 240. Sanford bears the burden of showing by a preponderance of the evidence that he played a minor role in the offense. *See Deavors*, 219 F.3d at 404. Sanford's contention is without merit.

The short length of time of a defendant's involvement in an ongoing conspiracy does not alone establish that the defendant played a minor role. *See United States v. Morrow*, 177 F.3d 272, 304 (5th Cir. 1999) (rejecting defendant's contention that his short four month involvement warranted a finding that he was minor participant). As his alleged thirteen day involvement is the only factual basis for his argument that he should have been found to have a minor role, we find that the district court did not err by refusing to grant the downward departure.

Second, Sanford asserts that the district court erroneously double-counted when it computed his criminal history category. In determining Sanford's criminal history category, the district court gave Sanford three criminal history points under U.S.S.G. § 4A1.1(a) for his prior sentence and two points under § 4A1.2(d) for being on probation when he committed the offense. Sanford had received a ten year deferred adjudication probation on a state conviction of delivery of a controlled

substance.  Following his arrest, his probation was revoked and Sanford was sentenced to a term of two years imprisonment based upon this revocation.  The district court counted the two year sentence received for this offense in determining his prior sentences and counted the fact that he had been on probation for the same offense at the time he committed the instant offenses.  Sanford contends that this double-counting was impermissible.  This contention is unavailing.  Double-counting is allowed if, as in the instant case, "a single act is relevant to two dimensions of the Guideline analysis." *United States v. Franklin*, 148 F.3d 451, 461-62 (5th Cir. 1998) (internal quotations and citations omitted).

Third, Sanford asserts that the district court erred in counting his sentence for the state charge discussed above toward his prior criminal history because he was not sentenced prior to the commission of the instant offense.  We have previously rejected this argument.  *See United States v. Gooden*, 116 F.3d 721, 724-25 (5th Cir. 1997) (finding that because the defendant's prior sentence for burglary was imposed prior to his sentence for instant offense, it qualified as a prior sentence for criminal history points).  The term "prior sentence" includes any "sentence imposed prior to sentencing on the instant offense."  § 4A1.2, comment (n.1); *Gooden*, 116 F.3d at 725.   Here, Sanford received his sentence on the state charge prior to his sentence in this case.  Thus, the district court did not err in finding that the sentence qualified as a prior sentence for calculating Sanford's criminal history points.

For the foregoing reasons, we AFFIRM.