IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20891
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL DOUGLAS CELESTINE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-380-1
--------------------
July 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Paul Douglas Celestine appeals his sentence after pleading guilty to possession of a firearm by a felon.  Celestine, who had previous Texas state court felony convictions, admitted that on January 9, 1998, he pawned a nine millimeter Smith & Wesson pistol, two magazines, and an additional gray gun at a Houston pawn shop.  The ticket for this transaction was found in Celestine's possession when he was arrested for an October 1998 aggravated robbery with a dangerous weapon.  Taking into account the aggravated robbery conviction, the district court calculated

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Celestine's base offense level as 20 under U.S.S.G. §
2K2.1(4)(A).

Celestine contends that he did not have a prior felony
conviction under § 2K2.1(a)(4)(A) because his conviction for
aggravated robbery was after the commission of the firearms
offense.  Celestine acknowledges that his argument is foreclosed
by United States v. Gooden, 116 F.3d 721, 724-25 (5th Cir. 1997),
in which this court held that if the sentence for the prior
conviction is imposed prior to sentencing on the firearms offense
such that it qualifies for criminal history points, it
constitutes a "prior felony conviction" for purposes of
determining the base offense level under § 2K2.1(a)(4)(A).

AFFIRMED.