**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-50091**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ANDRELL DESHON JOSHUA,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____

September 6, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Appellant Joshua's sentence for distribution of less than one gram of crack cocaine was enhanced from approximately three years to over 12 years (151 months) under the career criminal provision of the Sentencing Guidelines. See U.S.S.G. § 4B1.1. On appeal, he contends that one of his prior convictions – a *nolo contendere* plea to robbery successfully discharged by a deferred adjudication – should not have been counted against him. Like the district court, we disagree and affirm his sentence.

The career-offender provision of section 4B1.1 applies if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." See U.S.S.G. § 4B1.1. The guideline refers to section 4B1.2 for a definition of "two prior felony convictions." Id. Under section 4B1.2, comment. (n.1), the term "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. The last clause of the definition does not appear to exclude diversionary dispositions from the ambit of prior convictions.

As Joshua notes, this issue of law is technically novel in the Fifth Circuit. One of our decisions has assumed, without the point being explicitly raised, that a deferred adjudication that otherwise meets the requirements for a felony conviction under the career offender guideline will be counted. See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999). Other decisions have held in related sentencing situations that deferred adjudications should be counted as prior felony convictions. United States v. Valdez-Valdez, 143 F.3d 196, 201 (5th Cir. 1998) (defendant's guilty plea to a deferred adjudication was a "prior felony" for purposes of the guideline governing illegal-reentry offenses, section 2L1.2); United States v. Cisneros, 112 F.3d 1272, 1282 (5th

2

Cir. 1997) (deferred adjudication is a "prior conviction" for purposes of the statutory sentencing enhancement under 21 U.S.C. § 841(b)(1)(A)).

Moreover, this court has equated a Texas deferred adjudication with a "prior conviction" in regard to the firearms sentencing guideline, whose interpretation mirrors the guideline in this case. United States v. Stauder, 73 F.3d 56, 56-57 (5th Cir. 1996). In Stauder, the court noted that although the guideline for firearms offenses, U.S.S.G. § 2K2.1, used the term "conviction," it referred specifically to the criminal-history provisions, which include deferred adjudications in calculating a defendant's criminal history score. See U.S.S.G. § 4A1.2. Similarly in this case, section 4B1.2, comment. (n.4) incorporates the diversionary-disposition provisions of section 4A1.2. And under that guideline, a plea of nolo contendere is counted even if a conviction is not formally entered, section 4A1.2(f), because this result "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." Section 4A1.2, comment. (n.9).

Not only does the direction of our cases, as well as the plain language of the guidelines, support including a deferred adjudication in the career-offender provision, but authorities from other circuits have already arrived at this conclusion. See United

3

States v. Pierce, 60 F.3d 886, 892-93 (1st Cir. 1995); United States v. Jones, 910 F.2d 760, 761 (11th Cir. 1990).

For these reasons, we agree with the district court's interpretation of section 4B1.1 and AFFIRM the sentence. **AFFIRMED**.

4