# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50004

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO VILLAGOMEZ, also known as Francisco Paul Villagomez, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-144-1

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Francisco Villagomez pled guilty to being a felon in possession of a firearm. He was sentenced to 120 months of imprisonment. He claims on appeal that the district court erred in calculating his base offense level under the Sentencing Guidelines, in failing to credit time served on undischarged state sentences, and in failing to order that his federal sentence run concurrent to any remaining time on undischarged state sentences. We agree with the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50004

argument about the base offense level.  We VACATE and REMAND FOR RESENTENCING.


FACTUAL AND PROCEDURAL HISTORY

On November 11, 2016, officers from the Austin, Texas Police Department Metro Tactical Unit received a crime-stoppers tip regarding Villagomez's location.  Villagomez had outstanding warrants for, among other offenses, evading arrest in a motor vehicle.  Based on the information from the tip, officers located Villagomez driving a pickup truck with a stolen license plate.  The officers followed Villagomez to a gas station, where he parked at a gas pump but remained inside his truck.  To prevent Villagomez from again evading arrest, one patrol unit vehicle approached in front of Villagomez's truck and another parked behind.  Both police vehicles had their emergency lights activated.

Upon seeing the officers, Villagomez backed his truck into one patrol unit, nearly striking officers who were walking towards him.  He refused to get out of his truck and continued to use it in an effort to push the patrol unit out of the way.  The driver-side door was open on Villagomez's truck throughout the encounter, and officers finally were able to pull him from the truck and handcuff him after deploying three taser cartridges.  After he was restrained, officers saw a loaded firearm in the pocket of Villagomez's driver-side door. During their subsequent search of the truck, officers discovered three additional firearms.

In April 2017, Villagomez was convicted in state court of two offenses arising from these events: aggravated assault on a peace officer and evading arrest with a motor vehicle.  He was sentenced to two years of imprisonment.

Villagomez also was indicted by a grand jury in the U.S. District Court for the Western District of Texas for various offenses related to the events at

No. 18-50004

the gas station. In September 2017, Villagomez pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In calculating Villagomez's offense level, a presentence investigation report ("PSR") incorrectly determined that the November 2016 federal offense was committed *after* a felony conviction for a crime of violence, namely, the April 2017 state conviction for evading arrest. The PSR therefore applied a base offense level of twenty. The PSR also applied a four-point enhancement based on a determination that "the defendant possessed the firearms in connection with another felony offense, to wit: Aggravated Assault on a Peace Officer."

At sentencing, Villagomez challenged the four-point enhancement, arguing that, although firearms were present at the time of his aggravated assault on a peace officer, they were not actually used in connection with that offense. The court sustained the objection, finding no "connection between that criminal offense that he is convicted of or the factual allegations with regard to his conduct at the time of the arrest." As a result, Villagomez's offense calculation was reduced from 29 to 25, with a Guidelines range of 100 to 125 months imprisonment.

Villagomez also requested credit for the time served between his federal indictment in March 2017 and the date of sentencing. That request was denied.

For the first time on appeal, Villagomez challenges the application of the twenty-point base offense level, which requires that his federal offense be *committed* after the date of the relevant state *conviction*. He also argues that the court was required to credit Villagomez for time served or to be served on his state offenses.

3

No. 18-50004

DISCUSSION

We first review Villagomez's argument that his base offense level was improperly calculated. Because of our resolution of that claim, we pretermit consideration of his arguments under Guidelines Section 5G1.3(b).

Villagomez did not object in district court to the issue he now raises regarding his base offense level. Consequently, we review for plain error. *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011). A defendant must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If that showing is made, we may correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

The Guidelines provide that a base offense level of 20 applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." § 2K2.1(a)(4)(A). Previously, that section predicated the base offense level on whether the defendant "had one prior felony conviction of either a crime of violence or controlled substance offense." U.S.S.G., Supp. to App. C., Amend. 630, at 215 (2001). There was a circuit split regarding whether an offense committed after the commission of but before sentencing for the current offense was counted as a prior felony conviction. *Id.* at 216. Before the language relevant here was adopted, we had held that such an offense counted so long as the sentence was imposed prior to sentencing for the current offense. *United States v. Gooden*, 116 F.3d 721, 724-25 (5th Cir. 1997). In amending the language of Section 2K2.1(a)(4)(A) to its present form, the Sentencing Commission clarified the current offense had to be *committed* after the prior felony *conviction*. U.S.S.G., Supp. to App. C., Amend. 630, at 216 (2001).

The government argues that the date of Villagomez's predicate offense is a question of fact that was "capable of resolution by the district court upon

4

proper objection." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). If so, the claim would not be reviewable for plain error. *Id.* We see no *question* of fact that needed to be resolved based on conflicting evidence and only if raised with the district court. True, this legal issue, as do most, depends on facts for its resolution. These facts, though, are undisputed and do not require district court findings. The record shows the date of Villagomez's state-court conviction and the date he committed the offense for which he was sentenced in federal court. Because he committed his federal offense before and not after the date of his state conviction, application of the Section 2K2.1 base offense level was a "clear or obvious" error. *Cf. United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012) (concluding that a different Guidelines-application error was clear or obvious).

A sentencing error affects a defendant's substantial rights when there is a reasonable probability that the defendant would have received a less severe sentence absent the error. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). A defendant need only show that the erroneous, higher sentencing range "set the wrong framework for the sentencing proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). If a defendant is sentenced based on an incorrect Guidelines range, "the error itself can, and most often will, be sufficient to show" that his substantial rights were affected. *Id.* Villagomez has made such a showing here. The erroneous base offense level contributed twenty points to Villagomez's twenty-five-point offense level.

Because this error necessitates resentencing, we leave for the district court to give initial consideration to Villagomez's Section 5G1.3(b) arguments as part of the determination of a new sentence.

VACATED and REMANDED for RESENTENCING.