# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 7, 2009                   Decided May 21, 2010

No. 09-3010

UNITED STATES OF AMERICA,
APPELLEE

v.

SHAWN MAURICE JOHNSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00305-PLF-1)

*John A. Briley Jr.*, appointed by the court, argued the cause and filed the brief for appellant.

*Courtney G. Saleski*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

2

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: In this appeal, we affirm the district court's application of a Sentencing Guidelines enhancement for bribery of a public official in a "sensitive position" to a special police officer for the District of Columbia Public Schools.

## I.

Appellant Shawn Maurice Johnson worked as a special police officer for the District's public schools. Though his authority extended no farther than school grounds, Johnson wore a uniform, carried a firearm, and could make arrests. In the course of his employment, Johnson and his partner permitted an illegal parking scheme on school property in exchange for $1570 in bribes. Johnson eventually turned himself in to the police and pled guilty to one count of bribery of a public official. *See* 18 U.S.C. § 201 (2006).

At sentencing, the district court, relying on commentary to the Sentencing Guidelines, determined that Johnson was a public official in a sensitive position, and applied the four-level enhancement called for by the guideline. *See* U.S. SENTENCING GUIDELINES MANUAL § 2C1.1(b)(3) (2009) [hereinafter U.S.S.G.]. Without the four-level enhancement, Johnson's sentencing range under the Guidelines would have been only 12 to 18 months. With the enhancement, the range was 24 to 30 months. The court issued a below-range sentence of 12 months and 1 day. Presuming that his sentence would have been even shorter under a range calculated without the enhancement, Johnson appealed. We have jurisdiction to consider his appeal under 18 U.S.C. § 3742(a)(2). *See United States v. Love*, 593 F.3d 1, 5 n.2 (D.C. Cir. 2010).

Johnson argues that the district court should have disregarded the commentary and asks that we vacate his sentence and remand for the district court to resentence him using the guideline alone. *See* Appellant's Br. at 7–9. We review de novo the district court's reliance on the commentary to interpret the guideline. *See United States v. Pugh*, 158 F.3d 1308, 1311 (D.C. Cir. 1998).

**II.**

The relevant guideline requires a four-level enhancement if the offense involved a public official in a "sensitive position." U.S.S.G. § 2C1.1(b)(3). The guideline commentary defines "sensitive position," in relevant part, as one "characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity," *id.* § 2C1.1 cmt. 4(a), and includes "law enforcement officer" in a list of illustrative examples, *id.* cmt. 4(b). Commentary to a sentencing guideline is "authoritative" unless it violates the Constitution or a federal statute, or "is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). The commentary lacks authority only if it is "flat[ly] inconsisten[t]" with the guideline such that "following one will result in violating the dictates of the other." *Id.* at 43; *see Pugh*, 158 F.3d at 1311.

We struggle to understand Johnson's arguments, but, generously viewed, his position seems to be that the commentary's use of a law enforcement officer as an example of a public official in a sensitive position is inconsistent with both the plain meaning of the guideline and the commentary's definition of "sensitive position." *See* Appellant's Br. at 7–9; Oral Arg. Recording at 7:47–8:07. His assertion that the

example is inconsistent with the guideline is made entirely in the form of a conclusion. Regardless, it seems plain to us that there is nothing inconsistent about using a law enforcement officer as an example of a public official in a "sensitive position." Whatever the precise scope of that term, whatever other positions might fall within its ambit, it certainly includes law enforcement officers, like Johnson, who are charged with the power to make arrests—a sensitive power if there ever was one. *See Foley v. Connelie*, 435 U.S. 291, 298 (1978) ("An arrest . . . is a serious matter for any person even when no prosecution follows or when an acquittal is obtained. . . . Even the routine traffic arrests . . . can intrude on the privacy of the individual.").

Johnson spends most of his fire on the claim that "the chosen example of 'law enforcement officer,' simple and unadorned, cannot be reconciled with the Commission's definition of a 'sensitive position.'" Appellant's Br. at 7; *see id.* at 8–9. Without telling us how the example and definition are contradictory, Johnson adds only that "the example of 'law enforcement officer,' without any elaboration or qualification, purports to place appellant . . . on the same plane as the Chief of the Metropolitan Police Department." *Id.* at 8. For his argument to make sense, Johnson can only be arguing that not all law enforcement officers hold a sensitive position because some do not have "direct authority to make decisions for, or on behalf of, a government department." U.S.S.G. § 2C1.1 cmt. 4(a). Whether that may be true in some hypothetical case, it is certainly not true in this case. Johnson does not dispute that he was a law enforcement officer who had the arrest power, which surely involves the power to make decisions on behalf of the government. In the absence of any actual inconsistency in the commentary, we need not consider the possible effect of such inconsistency.

The history of the commentary to § 2C1.1 likewise undermines Johnson's argument. Prior to 2004, the commentary used "*supervisory* law enforcement officers" as examples of public officials who hold sensitive positions. U.S.S.G. § 2C1.1 cmt. 1 (2003) (emphasis added). As the Seventh Circuit described this previous standard, "[c]overed officials . . . typically supervise other employees, make public policy, stand in the shoes of a policymaker, or influence policymakers." *United States v. Reneslacis*, 349 F.3d 412, 415 (7th Cir. 2003) (citations omitted). Clearly, the Sentencing Commission knows how to describe a subset of law enforcement officers. But the Commission changed the commentary in 2004 by dropping the word "supervisory" from its reference to law enforcement officers and adding the current definition of sensitive position. *See* U.S.S.G. § 2C1.1 cmt. 4 (2004). In light of these changes, we see no inconsistency between the commentary's definition and its example.

In this case at least, the commentary is authoritative, but we should not be understood to embrace the idea that any law enforcement officer, no matter his level of responsibility, can be deemed to hold a sensitive position. Because Johnson was a special police officer with the power to arrest, the district court did not err in using the commentary to apply the enhancement to him.

## III.

The sentence is

*Affirmed*.